ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| JUAN C. MORALES MARRERO y CARMEN CARDONA RÍOS ambos por sí y en representación de sus hijos menores: JEAN C. MORALES CARDONA y MICHAEL MORALES CARDONA; CARMEN E. RÍOS CÁCERES, MARÍA DE LOS A. CARDONA RÍOS<br><br>Peticionarios<br><br>V.<br><br>DEVIN M. RIVERA GÓMEZ, JOSÉ L. GUZMÁN CARRASQUILLO, UNIVERSAL INSURANCE COMPANY, PERENSEJO TOURS, SUTANEJO TOUR, ENGANEJO TOUR, MENGANEJO, SUTANEJO, PERENSEJO, COMPAÑÍAS DE SEGUROS "A", "B" y "C"<br><br>Recurridos | TA2026CE00359 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Fajardo<br><br>Caso Núm.: LU2023CV00178<br><br>Sobre:<br><br>Daños y Perjuicios |

Panel integrado por su presidenta, la Juez Grana Martínez, el Juez Ronda Del Toro y la Juez Lotti Rodríguez

**Ronda Del Toro, Juez Ponente**

# SENTENCIA

En San Juan, Puerto Rico, a 28 de abril de 2026.

Comparece Juan C. Morales Marrero y Carmen Cardona Ríos por sí y en representación de sus hijos menores de edad (en adelante, los peticionarios) mediante recurso de *Certiorari* presentado el 24 de marzo de 2026, siendo lo correcto una Apelación, pues nos solicita que dejemos sin efecto la *Sentencia* emitida por el Tribunal de Primera Instancia, Sala de Fajardo (TPI o foro primario) el 19 de febrero de 2026. Se acoge como

Apelación y se mantiene el mismo alfanumérico asignado. Mediante el referido dictamen, el foro primario ordenó la desestimación y el archivo de la demanda del epígrafe, sin perjuicio.

Por los fundamentos que expondremos a continuación, se revoca la *Sentencia* recurrida.

**I.**

En 25 de agosto de 2023, los peticionarios radicaron una *Demanda* en contra de Universal Insurance Company.[1] En oposición, el 22 de enero de 2024, Universal Insurance Company presentó *Solicitud de Sentencia Sumaria Parcial*.[2] Asimismo, el 13 de mayo de 2024, la parte codemandada Devin M. Rivera presentó *Moción de Desestimación*.[3] El 20 de mayo de 2024, el Lcdo. Francisco Rodríguez presentó *Moción Uniéndonos a Representación Legal* de los peticionarios.[4] El 31 de mayo de 2024, la parte codemandada Devin M. Rivera presentó *Moción Reiterando Desestimación a tenor con Regla 39.2*.[5] Igualmente, el 13 de junio de 2024, la parte codemandada Universal Insurance Company presentó *Solicitud de Desestimación*.[6]

Así las cosas, el 21 de junio de 2024, los peticionarios presentaron *Moción Informativa y en Solicitud de Anotación de Rebeldía* en la cual solicitaron la Rebeldía del codemandado José L. Guzmán Carrasquillo.[7] En 24 de junio de 2024, el TPI emitió una *Orden* en la cual le anotó la Rebeldía al codemandado José L. Guzmán Carrasquillo.[8] Ese mismo día, el TPI notificó *Sentencia*

---

[1] Entrada #1 del Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia (SUMAC TPI).
[2] Entrada #13 de SUMAC TPI.
[3] Entrada #31 de SUMAC TPI.
[4] Entrada #34 de SUMAC TPI.
[5] Entrada #36 de SUMAC TPI.
[6] Entrada #41 de SUMAC TPI.
[7] Entrada #44 de SUMAC TPI.
[8] Entrada #47 de SUMAC TPI.

*Parcial* en la cual ordenó la desestimación con perjuicio de la causa de acción presentada en contra de Universal Insurance Company.[9]

El 15 de agosto de 2024, el Devin M. Rivera presentó *Moción en Solicitud de Desestimación*.[10] El 16 de septiembre de 2024, los peticionarios presentaron *Moción en Oposición a Moción en Solicitud de Desestimación*.[11] El 17 de septiembre de 2024, el TPI emitió una *Orden* en la cual declaró "No ha lugar" a la moción desestimación presentada.[12] El 22 de octubre de 2024, los peticionarios presentaron *Solicitud de Anotación de Rebeldía* para que se encuentre incurso en rebeldía el codemandado Devin M. Rivera.[13] El 23 de octubre de 2024, los peticionarios presentaron *Solicitud Celebración Vista de Daños*.[14] Ese mismo día, el foro primario señaló vista para el 4 de marzo de 2025.[15]

El 24 de octubre de 2024, la parte codemandada Devin M. Rivera presentó *Moción en Solicitud de Relevo sobre Anotación de Rebeldía*.[16] A su vez, ese mismo día presentó su *Contestación a Demanda*.[17] El 28 de febrero de 2025, los peticionarios presentaron *Moción en Solicitud de Transferencia de Vista,* dado a que su representante legal estuvo recibiendo tratamiento médico en Estados Unidos y, para la fecha señalada para juicio tiene cita médica de seguimiento en University of Miami Hospital Center.[18] Ante ello, el TPI dejó sin efecto el señalamiento del 4 de marzo de 2025 y señaló vista para el 7 de agosto de 2025.[19]

---

[9] Entrada #48 de SUMAC TPI.
[10] Entrada #55 de SUMAC TPI.
[11] Entrada #60 de SUMAC TPI.
[12] Entrada #61 de SUMAC TPI.
[13] Entrada #62 de SUMAC TPI.
[14] Entrada #64 de SUMAC TPI.
[15] Entrada #65 de SUMAC TPI.
[16] Entrada #66 de SUMAC TPI.
[17] Entrada #67 de SUMAC TPI.
[18] Entrada #77 de SUMAC TPI.
[19] Entrada #78 de SUMAC TPI.

Luego, el 23 de junio de 2025, los peticionarios presentaron *Moción Informativa y en Solicitud de Paralización de cualquier término procesal por razón de intervención médico-quirúrgica*.[20] Esto, ya que el representante legal de los peticionarios sería hospitalizado para intervención quirúrgica en Miami, Florida. Ante ello, el TPI señaló vista para el 11 de septiembre de 2025 y dejó sin efecto señalamiento del 7 de agosto de 2025.[21] El 5 de septiembre de 2025, los peticionarios presentaron *Moción Informativa y en Solicitud de Transferencia de Vista* informando el fallecimiento de la codemandada, la Sra. María de los Ángeles Cardona Ríos, aduciendo que necesitarían llevar a cabo la sustitución de parte, y que se encontraban pendiente de recibir récords médicos certificados por parte del Hospital Caribbean Medical Center.[22] El 8 de septiembre de 2025, el TPI reséñala vista para el 13 de enero de 2026.[23]

El 31 de octubre de 2025, notificada en 3 de noviembre de 2025, el TPI emitió *Orden* en la cual informó lo siguiente: "El Tribunal MOTU PROPRIO, y por conflicto en calendario, deja sin efecto el juicio en su fondo señalado para el 13 de enero de 2026".[24] Así pues, en respuesta a ello, el foro primario emitió *Orden* el 13 de noviembre de 2025, notificada el 14 de noviembre de 2025, en la cual señaló vista para el 5 de febrero de 2025.[25]

Así las cosas, en diciembre de 2025 los peticionarios informaron que se encontraban a la espera de los trámites de la declaratoria de herederos. El 5 de febrero de 2026, los peticionarios presentaron *Moción al Expediente Judicial*, en el cual

---

[20] Entrada #79 de SUMAC TPI.
[21] Entrada #82 de SUMAC TPI.
[22] Entrada #84 de SUMAC TPI.
[23] Entrada #85 de SUMAC TPI.
[24] Entrada #86 de SUMAC TPI.
[25] Entrada #87 de SUMAC TPI.

incluyeron todos los Exhibits a ser utilizados en el juicio en su fondo.[26] No obstante ese mismo día se celebró una Vista. Surge de la *Minuta* de la vista*,* que el magistrado indicó al representante legal de los peticionarios que se señaló Vista en su Fondo, pero no obra en el expediente evidencia ni informe de conferencia con antelación a juicio.[27] En respuesta, el licenciado manifestó que este entendía que se celebraría vista de estatus, no de juicio en su fondo, debido a que no hay orden del tribunal para someter informe de conferencia con antelación a juicio.[28] Allí, el magistrado realizó un recuento de los incidentes procesales del caso; desde el 23 de octubre de 2024 los peticionarios presentaron moción solicitando la celebración del juicio en su fondo e informó fechas disponibles.

Ese mismo día, el TPI emitió una *Orden* en la cual le ordenó a los peticionarios expresarse en torno a porqué no debía archivar el caso con perjuicio. El 17 de febrero de 2026, los peticionarios presentaron *Moción en Cumplimiento de Orden*.[29] Allí, explicaron que, a su entender no se ha producido desidia o abandono de la causa de acción. Indicaron que, la *Demanda* se radicó el 25 de agosto de 2023, y se estuvo trabajando en el caso de manera continua; en su momento se tomó el rumbo de la rebeldía; posteriormente fallece una de las codemandantes; en otro todavía faltaba por recibirse unos récords médicos, etc. Añadieron que, el 20 de mayo de 2024, se le unió al caso nueva representación legal. Ello respondía a que el abogado de los peticionarios en agosto de 2023 y en septiembre de 2023 había sido intervenido quirúrgicamente, en Miami, Florida.

---

[26] Entrada #90 de SUMAC TPI.
[27] Entrada #91 de SUMAC TPI.
[28] Íd., pág. 1.
[29] Entrada #94 de SUMAC TPI.

No obstante, el 19 de febrero de 2026, El TPI dictó *Sentencia* en la cual desestimó la *Demanda* sin perjuicio. En esencia, el TPI argumentó, entre otras cosas, lo siguiente:

> A pesar de que este Tribunal reconoce que han mediado condiciones de salud de la representación legal de la parte demandante que justifican en parte la dilación de los procesos, hay que a su vez reconocer que se le ha concedido a la parte demandante múltiples oportunidades y un término de tiempo más que razonable para anunciar su prueba y estar en posición de celebrar la vista de juicio en su fondo. Incluso con la entrada de una nueva representación legal, la parte demandante aun ha fallado en adelantar el trámite de su causa acción, sin que medien razones meritorias que justifiquen mayores dilaciones. La ausencia de anuncio de prueba por más de un (1) año denota una falta de diligencia en el trámite de los procesos que este Tribunal no puede obviar. Correspondía a la parte demandante promover su causa de acción y no cruzarse de brazos durante más de un (1) año y (3) tres meses sin anunciar la prueba con la que pretende sustentar su causa de acción.[30]

Inconforme con el proceder del foro primario, el 24 de marzo de 2026, los peticionarios acudieron ante este Tribunal mediante mal titulado recurso de *Certiorari* y señala el siguiente error:

> ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL INCURRIR EN CRASO ABUSO DE DISCRECIÓN AL DESESTIMAR LA DEMANDA SIN PERJUICIO, SIN MEDIAR APERCIBIMIENTO PREVIO SOBRE ESTE PARTICULAR A LA PARTE DEMANDANTE, SIN CONSIDERAR SANCIONES MENOS SEVERAS Y SIN QUE EXISTIERAN INCUMPLIMIENTOS REITERADOS, DILACIONES INJUSTIFICADAS O UN PERJUICIO REAL E INSUBSANABLE QUE JUSTIFICARA UNA MEDIDA TAN DRÁSTICA Y DESPROPORCIONADA. A SU VEZ ERRO AL NO INCLUIR EN LA SENTENCIA DE DESESTIMACION LA SENTENCIAS EN REBELDIA DE LOS CODEMANDADOS

Transcurrido el término que la parte recurrida del epígrafe tenía para presentar su oposición al recurso, esta no compareció a pesar de haber sido debidamente notificada. Como antes indicamos, el Recurso se evalúa como uno de Apelación, que es lo correcto.

---

[30] Entrada #96 de SUMAC TPI, pág. 3.

**II.**

**A.**

El recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior. BPPR v. SLG Gómez-López, 213 DPR 314, 336 (2023); Rivera et al. v. Arcos Dorado et al., 212 DPR 194, 207 (2023); Torres González v. Zaragoza Meléndez, 211 DPR 821, 846-847 (2023); Caribbean Orthopedics v. Medshape et al., 207 DPR 994, 1004 (2021); 800 Ponce de León v. AIG, 205 DPR 163, 174-175 (2020); IG Builders *et al*. v. BBVAPR, 185 DPR 307, 337-338 (2012). Contrario al recurso de apelación, la expedición o no del auto de *certiorari* solicitado descansa en la sana discreción del Foro Apelativo. Torres González v. Zaragoza Meléndez, *supra,* pág. 847; Medina Nazario v. McNeil Healthcare LLC, 194 DPR 723, 729 (2016).

En lo que nos atañe, la Regla 52.1 de Procedimiento Civil de 2009, 32 LPRA Ap. V, nos faculta por excepción, a revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, decisiones sobre casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.

Ahora bien, con el fin de que podamos ejercer de una manera sabia y prudente nuestra facultad discrecional de entender o no en los méritos de los asuntos que son planteados mediante el recurso de *certiorari*, nuestros oficios se encuentran

enmarcados en la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendado, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR ___ (2025), 4 LPRA Ap. XXII-B. La referida regla señala los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*. Torres Martínez v. Torres Ghigliotty, 175 DPR 83, 97 (2008). Esta dispone lo siguiente:

> A.  Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B.  Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C.  Si ha mediado prejuicio, parcialidad, o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D.  Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E.  Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F.  Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Es norma reiterada que los jueces de instancia tienen gran flexibilidad y discreción para lidiar con el manejo diario y tramitación de los asuntos judiciales. BPPR v. SLG Gómez-López, *supra*, págs. 333-334. La deferencia al juicio y a la discreción del foro primario está fundamentada en el principio de que los foros apelativos no pueden pretender conducir ni manejar el trámite ordinario de los casos que se ventilan ante el Tribunal de Primera Instancia. Como es harto sabido, dicho foro es el que mejor conoce las particularidades del caso y quien está en mejor posición para tomar las medidas necesarias que permitan cimentar el curso a trazar y así llegar eventualmente a una

disposición final. <u>BPPR v. SLG Gómez-López</u>, *supra*, pág. 334, citando a <u>Mejías v. Carrasquillo</u>, 185 DPR 288, 306-307 (2012).

Así pues, como regla general, los foros apelativos no intervendrán en la discreción de los foros primarios a no ser que las decisiones emitidas resulten arbitrarias o en un abuso de su discreción. <u>BPPR v. SLG Gómez-López</u>, *supra*, pág. 334. El adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad. <u>BPPR v. SLG Gómez-López</u>, *supra*, pág. 335; <u>SLG Zapata-Rivera v. J.F. Montalvo</u>, 189 DPR 414, 434-435 (2013); <u>Rivera Durán v. Banco Popular</u>, 152 DPR 140, 155 (2000).

**B.**

El Tribunal Supremo de Puerto Rico ha señalado en reiteradas ocasiones que las normas sobre el perfeccionamiento de los recursos apelativos deben ser observadas rigurosamente.[31] En el caso particular de la *Apelación*, la Regla 52.2 (a) de Procedimiento Civil establece que:

> *(a) Recursos de apelación. Los recursos de apelación al Tribunal de Apelaciones o al Tribunal Supremo para revisar sentencias deberán presentarse dentro del **término jurisdiccional** de treinta (30) días contados desde el archivo en autos de copia de la notificación de la sentencia dictada por el tribunal apelado.*[32]

No obstante, el mencionado término admite interrupción ya que la aludida Regla 52.2, en su inciso (e),[33] dispone que el término para apelar se interrumpirá por la presentación oportuna de una moción de reconsideración, sujeto a lo dispuesto en la Regla 47 de Procedimiento Civil, *infra*.

---

[31] *García Ramis v. Serrallés*, 171 DPR 250, 253 (2007).
[32] Regla 52.2 (a) de las Reglas de Procedimiento Civil 2009, 32 LPRA Ap. V, R. 52.2 (a); además, véase la Regla 13 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 13. Énfasis nuestro.
[33] 32 LPRA Ap. V, R. 52.2 (e).

La Regla 52.2(a) de Procedimiento Civil,[34] dispone que los recursos de apelación tienen que presentarse dentro de un término jurisdiccional de treinta (30) días desde el archivo en autos de copia de la notificación de la sentencia recurrida. La correcta notificación de una sentencia es una característica imprescindible del debido proceso judicial.[35] Como corolario de lo anterior, la Regla 13(A) del Reglamento de este Tribunal establece que:

> Las apelaciones contra sentencias dictadas en casos civiles por el Tribunal de Primera Instancia, se presentarán dentro del término jurisdiccional de treinta días contados desde el archivo en autos de una copia de la notificación de la sentencia.

> En aquellos casos en que el Estado Libre Asociado de Puerto Rico, sus funcionarios y funcionarias, o una de sus instrumentalidades que no fuere una corporación pública, o en que los Municipios de Puerto Rico o sus funcionarios y funcionarias sean parte en un pleito, el recurso de apelación se formalizará, por cualquier parte en el pleito que haya sido perjudicada por la sentencia, presentando un escrito de apelación dentro del término jurisdiccional de sesenta días, contados desde el archivo en autos de una copia de la notificación de la sentencia dictada por el tribunal apelado.[36]

No obstante, el término de treinta (30) días para acudir en alzada puede quedar interrumpido mediante la presentación oportuna de una moción de reconsideración fundamentada.[37] En tal caso, el curso del término para apelar comienza a partir del archivo en autos copia de la notificación de la resolución que resuelve la moción.[38] Esto, a pesar de que se haya declarado la moción No Ha Lugar.

También recordamos la norma de Derecho Apelativo que limita nuestra intervención con las decisiones discrecionales de un

---

[34] 32 LPRA Ap. V, R. 52.2 (a).
[35] *Rodríguez Mora v. García Lloréns*, 147 DPR 305, 309 (1998).
[36] 4 LPRA Ap. XXII-B, R. 13 (A).
[37] 32 LPRA Ap. V, R. 47.
[38] *Id.*

tribunal sentenciador, salvo que las decisiones emitidas por este último sean arbitrarias o medie error manifiesto, pasión, prejuicio o parcialidad, entiéndase, abuso de discreción. *S.L.G. Flores-Jiménez v. Colberg*, 173 DPR 843, 865 (2008).

La Regla 42.1 de Procedimiento Civil, 32 LPRA Ap. V, dispone que una sentencia "incluye cualquier determinación del Tribunal de Primera Instancia que resuelva finalmente la cuestión litigiosa y de la cual pueda apelarse".

**C.**

La Regla 1 de Procedimiento Civil, 32 LPRA Ap. V., promulga que estas reglas se interpretarán de modo que faciliten el acceso a los tribunales y el manejo del proceso, de forma que garanticen una solución justa, rápida y económica de todo procedimiento. 34 LPRA Ap. V.  En armonía a ello, las partes tienen el deber de ser diligentes y proactivos al realizar los trámites procesales. Sánchez Rodríguez v. Adm. De Corrección, 177 DPR 714, 719 (2009).  Por consiguiente, el tribunal tiene la potestad para sancionar de diversas formas a las partes litigantes que dilatan innecesariamente los procesos. Íd., pág. 120. Ante ello, la Regla 37.7 de Procedimiento Civil, *supra*, establece que la sanción principal para incumplimientos con órdenes de manejo de caso es la sanción económica, y solo después de que la parte haya sido debidamente apercibida sobre las consecuencias, se podrían imponer medidas más severas.

Además, a tenor con lo anterior, la Regla 39.2(b) de Procedimiento Civil, 32 LPRA Ap. V., le permite al Tribunal desestimar un pleito por la dejadez o inacción de las partes respecto a sus casos. La citada Regla dispone que:

.     .     .     .     .     .     .     .

(b) El tribunal ordenará la desestimación y el archivo de todos los asuntos civiles pendientes en los cuales no se haya efectuado trámite alguno por cualquiera de las partes durante los últimos seis meses, a menos que tal inactividad se le justifique oportunamente. Mociones sobre suspensión o transferencia de vista o de prórroga no serán consideradas como un trámite a los fines de esta regla.

El tribunal dictará una orden en todos dichos asuntos, la cual se notificará a las partes y al abogado o abogada, requiriéndoles dentro del término de diez (10) días desde que el Secretario o Secretaria les notifique, que expongan por escrito las razones por las cuales no deban desestimarse y archivarse los mismos.

La Regla la 39.2(b) sobre desestimación del pleito por inactividad, tiene el propósito de acelerar la litigación y despejar los calendarios, operando la primera en la temprana etapa del pleito. Sánchez Rodríguez v. Adm. De Corrección, *supra*, pág. 721; Banco Popular v. SLG Negrón, 164 DPR 855, 864 (2005); Banco Metropolitano v. Berríos, 110 DPR 721, 724 (1981).

Ahora bien, la desestimación de una reclamación es un pronunciamiento judicial que, cuando se entiende como una resolución del caso en los méritos, ha sido caracterizada como "la sanción máxima, la pena de muerte procesal, contra una parte". VS PR, LLC v. Drift-Wind, 207 DPR 253, 264 (2021) (citando a R. Hernández Colón, Práctica Jurídica de Puerto Rico: Derecho Procesal Civil, 6ta ed., San Juan, Ed. LexisNexis, 2017, pág. 250).

Nuestro Máximo Foro Local ha establecido como norma general, que esta sanción es la más drástica que puede imponer el tribunal ante la dilación en el trámite de un caso, por lo que se debe recurrir a ella en casos extremos. Banco Popular v. S.L.G. Negrón, *supra*, pág. 864. Esta facultad se debe ejercer con mesura pues, "la desestimación priva al demandante de su día en corte para hacer valer las reclamaciones que válidamente tenga en contra de otros." VSPR, LLC v. Drift-Wind, *supra*. De modo

que, al ponderar si procede imponer la sanción severa de la desestimación, los tribunales deben hacer un balance entre los intereses en pugna que incluyen, por un lado, la mencionada política judicial de atender los casos en sus méritos y, por el otro, procurar la rápida dilucidación de las controversias. VSPR, LLC v. Drift-Wind, *supra.*

Por tal razón, en el contexto de la Regla 39.2 (b) de Procedimiento Civil, *supra*, la desestimación de un caso como sanción, debe prevalecer únicamente en situaciones extremas en las cuales haya quedado demostrado de manera clara e inequívoca la desatención y el abandono total de la parte con interés y **"después que otras sanciones hayan probado ser ineficaces en el orden de administrar justicia y, en todo caso, no debería procederse a ella sin un previo apercibimiento."** Mun. de Arecibo v. Almac. Yakima, 154 DPR 217, 222-223 (2001) (Énfasis nuestro). Así pues, planteada una situación que amerita sanciones, el tribunal debe, en primera instancia, imponer las mismas al abogado de la parte. Si dicha acción disciplinaria no surte efectos positivos, procederá la imposición severa de la desestimación de la demanda o eliminación de las alegaciones únicamente después que la parte haya sido propiamente informada y apercibida de la situación y de las consecuencias que pueda tener el que la misma no sea corregida. Mun. de Arecibo v. Almac. Yakima, *supra*; Maldonado v. Srio. de Rec. Naturales, 113 DPR 494, 498 (1982).

Una vez las partes expongan las razones por las cuales no se deba desestimar el caso, el tribunal debe balancear los intereses involucrados: de un lado, la necesidad del tribunal de supervisar su calendario, el interés público en la resolución expedita de los casos y más importante aún el riesgo de perjuicio

al demandado por la dilación; por lo que, de no demostrarse perjuicio verdadero con la dilación es irrazonable ordenar el archivo. Echevarría Jiménez v. Sucn. Pérez Meri, 123 DPR 664, 674-675 (1989).

## III.

Nos corresponde determinar si incidió el foro primario al desestimar la *Demanda* sin perjuicio, por inactividad del caso en virtud de la Regla 39.2 (b) de Procedimiento Civil, *supra*. Los peticionarios aducen que el TPI le impuso la sanción más severa, la cual debe ser utilizada como último recurso en circunstancias excepcionales.

Surge del expediente, que los peticionarios estuvieron a más de un (1) año y (3) tres meses sin anunciar la prueba con la cual pretendían sustentar su causa de acción. Ante tal ausencia por más de un (1) año, el foro primario decidió desestimar el caso sin perjuicio por la falta de diligencia en el trámite de los procesos. Ahora bien, los peticionarios comparecieron durante todo el proceso del pleito de manera continua.

El expediente procesal del presente caso revela que: (1) aunque no se celebró el juicio para el día pautado, no afectó a ninguno de los codemandados, ya que estos se encontraban en rebeldía; (2) todos los atrasos en el caso fueron por justa causa y debidamente justificados; (3) para la fecha de 20 de mayo de 2024, se unió al caso una nueva representación legal de los peticionarios, ya que el abogado que los representaba en agosto de 2023 y en septiembre de 2023 había sido intervenido quirúrgicamente en Miami, Florida; (4) posteriormente fallece una de las codemandantes; (5) todavía faltaba por recibirse unos récords médicos para incluirlos antes del juicio; (6) la razón por la cual no se pudo celebrar el juicio en su fondo fue debido a que

los exhibits por inadvertencia de los abogados de los peticionarios fueron subidos a SUMAC el mismo día del juicio; (7) el último cambio de fecha del juicio en su fondo fue a motu propio del foro primario.

Según el derecho reseñado, la Regla 37.7 de Procedimiento Civil, *supra*, establece que la sanción principal para incumplimientos con órdenes de manejo de caso es la sanción económica, y solo después de que la parte haya sido debidamente apercibida sobre las consecuencias, se podrían imponer medidas más severas como la desestimación del pleito. Es decir, para la imposición de tales sanciones severas, **es mandatorio un apercibimiento previo y directo a la parte afectada.** Nuestro Tribunal Supremo ha establecido que debe ser un proceso escalonado. Véase, Mun. de Arecibo v. Almac. Yakima, *supra*, págs. 222-223; Maldonado v. Srio. de Rec. Naturales, *supra,* pág. 498.

En el caso ante nos, el foro primario nunca impuso sanciones por el incumplimiento con alguna orden, ni apercibió con la desestimación de la demanda por el incumplimiento con alguna de ellas. Todo esto, en contravención con la Regla 37.7 y Regla 39.2(b) de Procedimiento Civil, *supra,* y con nuestra jurisprudencia. Es importante recalcar que, la desestimación sin perjuicio no es una decisión que pueda tomarse a la ligera, ya que es una sanción que impacta directamente en el debido proceso de ley y la posibilidad de que los casos se diluciden en sus méritos.

Por tanto, incidió el foro primario al imponer la sanción más severa, sin antes poner otras sanciones y apercibir a los peticionarios de las consecuencias de su incumplimiento.

## IV.

Por los fundamentos expresados, se revoca la *Sentencia* recurrida. Se devuelve el caso al TPI para la continuación de los procedimientos.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones